**O. AHLBORG & SONS, INC., Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

**No. CIV.A.03–10112–NMG.**

United States District Court,
D. Massachusetts.

Dec. 13, 2005.

Timothy D. Jaroch, Wellesley Hills, MA, J. Christopher Kohn, Lloyd H. Randolph, U.S. Department of Justice, Civil Division, Washington, DC, for Defendants.

W. Mark Russo, Ferrucci & Russo, PC, Providence, RI, for Plaintiff.

## MEMORANDUM & ORDER

GORTON, District Judge.

Pending before the Court are motions related to post-judgment assessments of costs.

### I. *Background*

The underlying case concerned a loan guaranty made by the defendant, United States, through the U.S. Department of Transportation, Maritime Administration ("MARAD"), to co-defendants, MHI Shipbuilding LLC ("MHI") and its affiliate, Massachusetts Heavy Industries, Inc. ("Industries"), in 1997. Defendants MHI and Industries obtained a loan guaranty from MARAD of up to $55,000,000 pursuant to Title XI of the Merchant Marine Act of 1936 in order to finance the revitalization of the Quincy Fore River Shipyard ("Shipyard"). In return for the loan guaranty, MHI and Industries issued a promissory note to the Secretary of Transportation, granted MARAD a mortgage and security interest in their property and entered into a security agreement with MARAD. The loan itself was obtained through Fleet Bank.

Plaintiff O. Ahlborg & Sons ("Ahlborg") was the contractor for the Shipyard project pursuant to a contract it entered into with MHI in 1997. Ahlborg began work on the Shipyard in 1998.

The proceeds of the loan guaranteed by MARAD were placed in an escrow account and subject to release by MARAD in accordance with the security agreement. In order for Ahlborg to receive payment for its work on the Shipyard, it submitted requisitions to MHI which then certified them and requested that MARAD authorize a withdrawal from the escrow account. The first ten requisitions submitted by Ahlborg were paid in due course. When the eleventh was submitted, MHI required Ahlborg to record a statutory partial waiver and subordination on the property pursuant to Mass. Gen. Laws ch. 254, § 32 in order to provide assurance against the claims of unsecured creditors. Upon Ahlborg's submission of its twelfth requisition, MHI made the same recording requirement and, furthermore, contested the accuracy of the requisition. That amount, $2,199,000, was not paid and Ahlborg accordingly recorded a statement of account to preserve a lien on the property in that amount.

Ahlborg filed suit in Massachusetts Superior Court in September, 1999 to enforce its mechanic's lien with respect to the unpaid requisition. Judgment was entered for Ahlborg in the amount of $2,199,529. Upon receipt of an order respecting the judgment, MARAD filed a statement that it had succeeded to all of MHI's right, title and interest under the contract with Ahlborg on account of MHI's default on the loan.

After MHI's default, MARAD paid off Fleet Bank and then transferred the amount remaining in escrow, approximately $12,000,000, to an account for the federal government. In 2003, it conducted a foreclosure sale of the property it held as security for the guaranty, thereby obtaining $11,887,500 in proceeds. Around the date of the foreclosure sale, Ahlborg notified MAR-

AD that it should receive priority to the proceeds from the sale pursuant to Mass. Gen. Laws ch. 254, § 7. Ahlborg then filed suit in Massachusetts Superior Court against MHI, Industries and the United States, seeking an injunction against distribution of the sale proceeds.

The defendants removed the case to federal court and both Ahlborg and the United States filed motions for summary judgment. The United States contended that under Mass. Gen. Laws ch. 254, § 7, Ahlborg's lien did not have priority over the United States' mortgage interest on the foreclosed property. The plaintiff maintained the opposite position. This Court referred the motions to Magistrate Judge Bowler for her report and recommendation ("R & R") and ultimately adopted her R & R to grant summary judgment to the United States and to deny it to Ahlborg.

Following the judgment entered in its favor, the United States has moved the Court to award it certain costs.

## II. *Motion for Taxation of Costs*

Pursuant to Fed.R.Civ.P. 54(d), which provides that costs other than attorneys' fees shall be allowed to prevailing parties as a matter of course, and 28 U.S.C. § 1920, which authorizes the taxation of various costs, including fees of court reporters for the production of transcripts, the United States has requested that Ahlborg be taxed $431.30 in court reporters' fees for depositions noticed by Ahlborg of two MARAD employees. The United States submitted invoices of those fees with its motion, and the plaintiff has submitted no opposition to the request.

The Court will allow the motion. Because the time for Ahlborg to appeal the decision has lapsed, the United States is a prevailing party. The bill of costs filed by the United States adequately documents its basis for the request.

## III. *Motion for Award of Certain Expenses*

Pursuant to Fed.R.Civ.P. 16(f) and 37(a)(4), the United States has moved for an

award of $3,618.90 in expenses incurred in connection with its 1) preparation of a successful motion to compel discovery and 2) attendance at a court-mandated status conference at which Ahlborg's counsel failed to appear.

> Fed.R.Civ.P. 16(f) allows judges to award reasonable expenses incurred because of any noncompliance with [the rule regarding pretrial conferences and orders], including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

When a motion to compel discovery is granted or the requested discovery is provided after the motion has been filed, Fed.R.Civ.P. 37(a)(4) requires judges to award the moving party its

> reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the discovery or disclosure without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Ahlborg opposes the United States' motion on the grounds that 1) its failure to appear at the status conference was due to an admitted error in scheduling, 2) Ahlborg paid the travel expenses that the defendant incurred in attending the status conference and 3) it is inappropriate that the United States be awarded costs relating to disputed discovery requests.

■ The Court will allow the United States' motion. Although the plaintiff's absence from the status conference was not intentionally disobedient, it is fair that the costs of its failure to comply with a noticed order of the court be borne by it rather than by the defendant. Ahlborg's non-attendance, though not willful, was nonetheless not substantially justified.

■ Likewise, it is also appropriate that the plaintiff bear the costs incurred by the United States in preparing its motion to compel discovery. That motion was filed only

after the United States made numerous, unavailing attempts to induce compliance by Ahlborg. Although plaintiff's counsel indicated again and again that corrections would be made to multiple deficiencies in plaintiff's responses to written discovery, none were provided. The plaintiff has offered no explanation of its failure to comply with the defendant's requests, and the motion to compel was allowed by Magistrate Judge Bowler without any opposition by Ahlborg.

The United States estimates that the unreimbursed expenses incurred in preparing the motion to compel and attending the status conference total $3,618.90, based on 27.22 hours of work by an experienced attorney. This amount is reasonable and will be allowed by the Court.

### ORDER

Based on the foregoing memorandum,

1) the United States' Request for Taxation of Costs (Docket No. 36) is **ALLOWED**, and

2) the United States' Motion for Award of Certain Expenses (Docket No. 37) is **ALLOWED**.

**So ordered.**